IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,839






EX PARTE REYNALDO ROBERTO ESPARZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CRN166-D3(A) IN THE 341ST JUDICIAL DISTRICT COURT


FROM WEBB COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
murder, two counts of aggravated kidnapping, and two counts of engaging in organized criminal
activity and was sentenced to ninety-nine years' imprisonment. 

 Applicant contends that he was denied the right to appeal his conviction because his trial
counsel failed to timely file a notice of appeal. Although Applicant timely expressed his desire to
appeal, trial counsel did not withdraw and appellate counsel was not appointed until after the
appellate deadline had passed. Although appellate counsel filed a notice of appeal, Applicant's
appeal was dismissed as untimely. Esparza v. State, No. 04-05-00922-CR (Tex. App. - San
Antonio, January 25, 2006). 

 The habeas record indicates that trial counsel failed to timely file a notice of appeal. 
Although counsel states in an affidavit that it was his understanding that Applicant's family would
retain appellate counsel, he did not move to withdraw from the representation until after the appellate
deadline had passed, and he did not file a notice of appeal or a motion for a new trial. Ex parte Axel,
757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. 2005CRN166-D3(A) from the 341st Judicial District
Court of Webb County. Applicant is ordered returned to that time at which he may give a written
notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time
limits shall be calculated as if the sentence had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take
affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate
of this Court issues.


Delivered: August 22, 2012

Do Not Publish